| | |
|---|---|
| Full Name<br>BRADLEY LAWRENCE BERG<br><br>Committed Name (if different)<br><br><br>Full Address Including Name of Institution<br>UNITED STATES PENITENTIARY<br><br>3901 KLEIN BLVD.<br>LOMPOC, CALIFORNIA 93436<br><br>Prison Number (if applicable)<br>65209-065 | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| BRADLEY LAWRENCE BERG,<br><br>       Plaintiff,<br>v.<br>CITY OF GRESHAM POLICE DEPARTMENT,<br>CARLA C. PILUSO - CHIEF OF POLICE,<br>JOHN DOE #1 - PROPERTY ROOM OFFICER,<br>RONNIE KLIEWER, AND<br>ALL OTHER PARTIES PRESENTLY UNKNOWN,<br><br>       Defendants. | Case No. CV ___05 18____<br>(To be supplied by the Clerk)<br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO (check one)<br><br>☒ 42 U.S.C. § 1983.<br>(STATE PENDANT JURISDICTION INVOKED<br>FOR RELATED TORT CLAIMS)<br>**JURY DEMAND**<br>☐ <u>Bivens v. Six Unknown Agents</u><br>403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner:    ☐ Yes   ☒ No

2) If your answer to A is yes, how many? __0__ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

Page 1

If your answer is no, explain why not  This case is being brought against law enforcement and judicial officers unrelated to place of confinement.

4) Please attach copies of papers related to the grievance procedure. See attached Appendix "A", copies of formal requests to have defendant(s) provide remedy in accordance with Oregon state statutes.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff  Bradley Berg
(print plaintiff's name)

who presently resides at  U.S. Penitentiary, Lompoc, California , were violated
(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff in Multnomah County, City of Portland, State of Oregon
(institution/city where violation occurred)

on (date or dates)  January 13, 2005,   September 10, 2003 to March 16, 2005            .
              (Claim I)              (Claim II)              (Claim III)

(You need not name more than one defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming more than five (5) defendants.)

1) Defendant  City of Gresham Police Department , resides or works at
(full name of first defendant)

a City Municipality , and is employed as
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☒ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

The Gresham Police Department was the enity that provided all other defendant's their authority to act under color of state law and is being sued in an official capacity.

2) Defendant  Carla C. Piluso  resides or works at
(full name of second defendant)

Page 3

a. Parties to this previous lawsuit:

   Plaintiff __N/A__

   Defendants __N/A__

b. Court __N/A__

c. Docket or case number __N/A__

d. Name of judge to whom case was assigned __N/A__

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) __N/A__

f. Issues raised: __N/A__

g. Approximate date of filing lawsuit __N/A__

h. Approximate date of disposition __N/A__

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?
   ☐ Yes  ☒ No

2) Have you filed a grievance concerning the facts relating to your current complaint?
   ☒ Yes  ☐ No

   If your answer is no, explain why not __Complaints were made to the Multnomah County District Attorney's Office, the Gresham Police Department__ in accordance with State statutes but all requested remedies have been denied.

3) Is the grievance procedure completed?
   ☒ Yes  ☐ No

Page 2

1333 N.W. Eastman Parkway, Gresham Oregon 97030-3813, and is employed as
(full address of second defendant)

Police Chief, Gresham Police Department.
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both).

Explain how this defendant was acting under color of law: As Chief of Police for the Gresham Police Department, it was this defendant's responsibility to properly train and supervise those officers under her supervision at the time the claim alleged in this complaint arose.

3) Defendant John Doe #1 resides or works at
(full name of third defendant)

1333 N.W. Eastman Parkway, Gresham Oregon 97030-3813, and is employed as
(full address of third defendant)

Property Officer for the Gresham Police Department.
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both).

Explain how this defendant was acting under color of law: John Doe #1 was assigned to the Property Room at the Gresham Police Department and was the custodial officer and his responsibility to process all inventoried property in accordance of Oregon State law at the time the claims in this complaint arose.

4) Defendant Ronnie Kliewer resides or works at
(full name of fourth defendant)

_____, and is employed as
(full address of fourth defendant)

State Public Defender.
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both).

Explain how this defendant was acting under color of law: This defendant was representing Plaintiff in the case in which the search warrants were original issued and was paid by the State of Oregon as its employee at the time the claims alleged in this complaint arose.

Page 4

5) Defendant <u>All Other Parties Presently Unknown</u> resides or works at
   (full name of fifth defendant)

<u>1333 N.E. Eastman Parkway, Gresham Oregon 97030-3813</u>, and is employed as
   (full address of fifth defendant)

<u>either law enforcement or administrative officers for the Gresham Police Dept.</u>
   (defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual  ☒ official capacity. (Check one or both).

Explain how this defendant was acting under color of law: As either law enforcement or administrative officers for the Gresham Police Department, these Parties Presently Unknown were acting under their authority as law enforcement or administrative officers at the time the claims alleged in this complaint arose.

### E. CLAIMS*

### CLAIM I

The following civil right has been violated:

DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

\* If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right].

On or about July 20, 2000, law enforcement officers of the Gresham Police Department executed three (3) separate search warrants on Plaintiff's properties. (1) at 1422 NE 160th Ave., Portland, Oregon, County of Multnomah; (2) at a Storage Locker located at 2636 NE Hogan Road #292, Gresham, Oregon, County of Multnoamh; and (3) at a Storage Locker located at 2636 NE Hogan Road #465, Gresham, Oregon, County of Multnomah (see attached Appendix "B", copies of Search Warrants.

As indicated on the copies of the Search Warrants, law enforcement officers were authorized to search for, and seize the following identified items: "Cannon C-2500 Fax/Printer/Copier/Scanner, Auto Parts for a 1988 Chevrolet Camero, Vehicle Identification Plates, Vehicle License Plates, written records whether in electronic form or any other form, images whether in electronic form or any other form pertaining to the crimes of Forgery (ORS165.013), Possession of a Forged Instrument (ORS165.022) Burglary II (ORS164.215), Unauthorized Use of a Vehicle (ORS164.135) and Theft (ORS164.055) and to seize all computer and related equipment including software, computer storage devices, cables, and manuals to facilitate the search.

Despite the limited scope of the search warrant in regards to the property that could be legally seized, law enforcement officers, approximately fifteen unknown parties at the time, seized over 74-separate items not described or authorized within the scope of those search warrants.

On August 8, 2001, the Honorable Judge Julie Frantz of the Multnomah Circuit Court issued an Order to Assistant District Attorney Chris Mascal, to have those items seized which were not authorized to be seized and which had not been linked to any crime Plaintiff was arrested and convicted for, returned to Plaintiff that were then in the custody of the Property

Page 6

Room of the Gresham Police Department. It was at this moment that Public Defender Ronnie Kliewer, a defendant named herein, advised the Circuit Court Judge Julie Frantz and the Plaintiff that she would assume the responsibility of filing the necessary paperwork in conjunction with the District Attorney's Office to have Plaintiff's property consisting of numerous items of substantial value (see attached copy of Plaintiff's Affidavit in Support of Motion for Return of Property filed in the Multnomah County Circuit Court on or about March 25, 2005 marked as Appendix "C").

Subsequently thereafter, between September 1, 2000 and September 1, 2001, Plaintiff made several attempts to contact Defendant Kliewer by telephone and formal letter requesting information on the status of having the Gresham Police Department to release and return those specific items listed in the property records of the Gresham Police Department previously identified by "property tags", which were subject to be returned to Plaintiff relative to the Circuit Court's Order of August 8, 2001. Yet despite these repeated request, Defendant Kliewer failed and otherwised refused to communicate with Plaintiff.

Beginning on February 5, 2002, Plaintiff filed motions in the Circuit Court requesting that the court take notice that its previous Order directing the release of the property by the Gresham Poice Department to Plaintiff. On March 21, 2002, Plaintiff executed a Power of Attorney to Cathryn Woodson granting her authority to take possession of property belonging to Plaintiff yet still being held in the Property Room of the Gresham Police Department (see attached copy of Power of Attorney, Appendix "D").

On or about July 17, 2002, and after discovering that the Gresham Police Department had failed or otherwise refused to release Plaintiff's property to Ms. Woodson, Plaintiff wrote Judge Frantz a formal letter requetsing her assistance in the matter, and advising her that she had fail-

ed to respond to Plaintiff's repeated motions in regards to the property issue. This letter went unanswered.

On or about August 5, 2003, Plaintiff filed a Motion for Release of Property in the Circuit Court which was subsequently responded to by As-Deputy District Attorney Ethan D. Knight on or about September 10, 2003, and received by Plaintiff on or about September 15, 2003. In this letter, Deputy Knight informs Plaintiff for the first time that after contacting the Gresham Police Department, that he had been advised that all of the property Plaintiff was then still seeking to be released by the Gresham Police Department, had in fact already been released (see attached copy of letter from Deputy District Attorney Ethan D. Knight, Appendix "E"). Accordingly, Plaintiff believed at that time that the Gresham Police Department had finally released the property to Cathyrn Woodson.

Plaintiff was unable to contact Ms. Woodson until on or about December 25, 2003. At that time, Ms. Woodson advised Plaintiff that although she had made several attempts to obtain Plaintiff's property from the Gresham Police Department, she had been ultimately denied.

On January 2, 2004, Plaintiff submitted another formal letter to the Gresham Police Department and to the "Attention: Property Department" in response to Deputy District Attorney Etahn Knight's letter that Plaintiff's property had been released. Plaintiff requested that he be informed as to what items (being that there were over 100 separate items subject to Judge Frantz's release of property Order, and to who or whom these items were released and upon what date and under whose authority (see attached copy of Plaintiff's letter dated January 2, 2004, Appendix "F").

On or about January 16, 2005, Plaintiff received a formal unsigned letter by John Doe #1, a defendant named herein, informing Plaintiff that all personal property of Plaintiff's, consisting of over 100 separate

Page 8

items of substantial worth, had been "released to the rightful owner and/or persons providing proper identification and rightful release forms under the authority of the courts." Defendant John Doe #1 then further informs Plaintiff that "[W]e (indicating himself and the Gresham Police Department) will not be providing information regarding who and when the property was released, nor do we continue to track property once it is released." (see attached copy of John Doe #1's letter on behalf of the Gresham Police Department, Appendix "G").

In response, and in accordance with Oregon Revised Statutes (ORS), on January 20, 2005, Plaintiff sent legal inquires under public records law, to (1) Gresham Police Department; (2) Oregon Circuit Court; (3) Multnomah County District Attorney's Office; and (4) Hardy Meyers, Attorney General for the State of Oregon, requesting that each of these public agencies provide Plaintiff the information as to the disposition of Plaintiff's property (see attached copies of letters dated January 20, 2005, Appendix "H").

On or about March 19, 2005, Plaintiff received a letter from Susan G. Bischoff, City Attorney for Gresham, Oregon, advising Plaintiff that based upon her investigation as to the records Plaintiff was seeking in accordance with his Public Records Law request(s), that she ascertained that there were some police records in the custody of the Gresham Police Department indicating that Plaintiff's property in their prior custody, had either been "released" or "destroyed". City Attorney Bischoff then advises Plaintiff that if he wants to obtain a copy of these alleged records, Plaintiff must first provide the City of Gresham with a pre-payment of $196.00 for these "public records" (see attached copy of City Attorney Bischoff's letter dated March 16, 2005, Appendix "I").

Page 9

On December 9, 2005, Plaintiff received another formal letter Janet Crace, Records Manager for the Gresham Police Department dated December 5, 2005. In response to yet another inquiry by Plaintiff to obtain information through public records in regards to the disposition of Plaintiff's property that was (is) in possession of the Gresham Police Department. In this correspondence, Ms. Carce informs Plaintiff that based upon her review of those public records that: (1) the "property in all three cases, was released to the rightful owners at that time"; (2) that "the Multnomah County District Attorney's office closed these cases in August 2001"; and (3) the "Gresham Police department destroyed the property in July of 2002" (see attached copy of letter by Janet Crace dated December 5, 2005, Appendix "J".

Again, as has been the case with the Gresham Police Department and the District Attorney's office since Plaintiff began to make his formal inquiries in regards to obtaining copies of the alleged records Ms. Crace now references, Plaintiff is still without the information he has continuously sought to clarify "who, how, and when" was his property either released to and/or destroyed.

Based upon the foregoing facts, Plaintiff claims his due process rights under the Fourteenth Amendment to the United States Constitution, and Article I, §§ 18 and 25 of the Oregon Constitution for the following reasons: (1) that the initial seizure of the property was a result of a criminal investigation and in such cases, ORS § 133.525 through to § 133.663. Although in part Plaintiff claims that Gresham Police officers seized property beyond the scope of the warrant, it isn't the seizure Plaintiff now contends violated his property rights under the "taking clause" of the Fifth Amendment to the United States Constitution. It is that the defendants named herein, failed and otherwise refused to follow the mandates of Oregon State law in depriving Plaintiff of his lawful property.

And as a result, by denying and otherwise depriving Plaintiff of his lawful property for failing to provide Plaintiff procedural due process as mandate under Oregon statutes, Plaintiff has suffered property loss entitling him to damages for the constitutional violation and compensation for said property.

**CLAIM II**

Plaintiff incorporates by reference the statement of facts in support of Claim I as fully contained in Claim II.

Defendant Carla C. Piluso, Chief of Police for the Gresham City Police Department, failed to properly train and supervise Defendant John Doe # 1, and/or Defendants All Other Parties Presently Unknown, to assure that property seized be law enforcement officers of the Gresham Police Department, adhere to the mandatory procedures as contained in ORS § 133.537 (Protection of things seized), ORS § 133.585 (List of things seized), and ORS § 133.623 (handling and disposition of things seized), to assure that law enforcement officers under her training and supervision, will not convert Plaintiff's property rights to person or persons unknown, or to allow Plaintiff's personal property to be lost or destroyed.

Because the loss and/or destruction of Plaintiff's property appears to have been deliberate considering Plaintiff's diligent efforts to put the Gresham Police Department on notice to return Plaintiff's lawful property, such conduct by Defendant John Doe # 1 and/or All Other Parties Unknown, Plaintiff claims that Defendant Piluso is liable for the acts and/or omissions of her subordinates who she has the duty to train, supervise, and otherwise have those defendants follow the law in regards to Plaintiff's property rights. Accordingly, Plaintiff claims that Defendant Piluso is also liable whether as part of Plaintiff's due process claims, or under common law tort.

**CLAIM III**

That Defendants Piluso, John Doe #1, Ronnie Kliewer, and All Other Unknown are liable to Plaintiff for the common law torts of Wrecklessness, Carelessness, Negligence, and failure of duty (contractual, noncontractual, preexisting, fiduciary, strictly ministerial).

Plaintiff's incorporates by reference the statement of facts alleged in Claim I as fully contained in this Claim III.

Plaintiff claims the Defendants Piluso, John Doe #1, and All Other Parties Presently Unknown were wreckless, careless, and otherwise negligent in how they processed and protected Plaintiff's lawful property and otherwise violated Oregon state laws. That as a result of the wrecklessness, carelessness, and/or negligence, Plaintiff has been deprived of his lawful property and is entitled to damages to restore Plaintiff's lost or destroyed property. Plaintiff also claims that these same defendants owed Plaintiff a duty to follow not only state law, but their own policies in protecting Plaintiff's property. Plaintiff claims that these defendants individually and/or collectively failed in their duties owed to Plaintiff.

Plaintiff also claims that Defendant Ronnie Kliewer failed in her fiduciary duty when she undertook the responsibility in open court to have Plaintiff's property returned to him, yet failed to take steps timely and as a result, Plaintiff has suffered a great financial loss.

Accordingly, Plaintiff claims that Defendants Piluso, John Doe # 1, Ronnie Kliewer, and All Other Parties Presently Unknown are liable to Plaintiff for the monetary damages Plaintiff seeks in this complaint to compensate him for his property loss.

/ /

/ /

/ /

**PRAYER FOR DAMAGES**

Based upon the foregoing facts and causes of action as stated in Claims I, II and III, Plaintiff believes he is entitled to the following damages:

(1) Declaratory relief through the Court finding that the defendants individually, and/or collectively, violated Plaintiff's procedural due process rights;

(2) Injunctive relief through the Court ordering that officers of the City of Gresham Police Department be properly trained and supervised in regards to protecting property in their custodial care;

(3) General and/or compensatory damages in the amount of $50,000.00 for the loss and destruction of Plaintiff's property;

(4) Compensatory damages for the violation of Plaintiff's procedural due process rights to be determined by a jury; and

(5) Reimbursement for all costs and fees incurred by Plaintiff as a result of this civil action.

Signed and Dated this _10_ day of december 2005.

Respectfully Submitted,

Bradley Lawrence Berg
Fed. Reg. No. 65209-065
United States Penitentiary
Lompoc, California 93436

Plaintiff Pro Per

Page 13